EXHIBIT-ZZZ

Application to present complaint

VERIFIED Criminal Complaint

With Supporting Evidence

Exhibit-BBB.

IN THE CABELL COUNTY CIRCUIT COURT OF WEST VIRGINIA

WARD JESS DREYFUSE,
   Complainant Petitioner,

v. Christopher D. Chiles, And Ryan Bentley,
   Defendants     CASE NO.:

## APPLICATION TO PRESENT COMPLAINT TO GRAND JURY

Comes the petitioner, Edward Jess Dreyfuse, pro-se, by application to present a criminal complaint before the next session of the Cabell County, W.VA. Grand Jury pursuant to W.VA. Const. art. III, § 17.

The facts constituting the offense must be averred directly, positively and with certainty and not by way of inference or argument. The elements of perjury to be charged in the allegation are a judicial proceeding or course of justice, a defendant having been sworn to give evidence therein, his testimony, its falsity, and its materiality.

## VERIFIED CRIMINAL COMPLAINT

I, Edward Jess Dreyfuse aver that myself and the State of West Virginia are victims of felony offenses being committed by Christopher D. Chiles and Ryan Bentley before the session of the Cabell County, W.VA. Grand Jury on June nineteenth, 2012, to wit: commencing at 2:05 pm, where Christopher D. Chiles did knowingly, willingly and feloniously suborn the perjured testimony of Ryan Bentley, a witness under oath and affirmation before a Grand Jury considering a felony indictment, who did commit perjury by presenting false testimony before a Grand Jury while being duly sworn, had deposed and given evidence to the Grand Jury in substance and to the effect following;

9

A) Christopher D. Chiles did procure and induce the perjured testimony of Ryan Bentley, before the afore described session of the Grand Jury against the peace and dignity of the State of W.VA. in violation of: §61-5-1,B, Subornation of Perjury, "Any person who induces or procures another person to testify falsely regarding a material matter in a trial of any person ... for a felony, OR before a Grand Jury which is considering a felony indictment, shall be guilty of the felony offense of subornation of perjury";

B) Where, Ryan Bentley, a witness under oath and affirmation, before a Grand Jury considering a felony indictment, being induced and procured by Christopher D. Chiles, DID, falsely, fraudulently and feloniously provide the perjured testimony that Mr. Otis Clay Jr. was beaten upon the face and head with a baseball bat by Edward Jesse Dreyfuse, causing Mr. Clay to suffer multiple facial fractures and a major skull fracture that caused Mr. Clay to slip into a coma until he died as a result of the injuries, which is contrary to all the medical records and reports which were in Chris Chiles possession PRIOR to the Grand Jury proceedings that are abundantly clear and medical fact, that Mr. Otis Clay Jr. NEVER SUFFERED OR RECIEVED ANY TYPE OF FACIAL FRACTURES OR ANY MAJOR SKULL FRACTURE, NOR did Mr. Clay slip into a coma until he died from such NON-EXISTING INJURIES, as was feloniously presented as a material matter of fact to the Grand Jury considering a felony indictment, against the peace and dignity of the State of W.VA.

2

Thereby violating W.VA. CODE § 61-5-1-A Perjury, Any person who is under oath or affirmation which has been lawfully administered and who willfully testifies falsely regarding a material matter in a trial of any person, corporation or other legal entity for a felony, OR, Before any Grand Jury which is considering a felony indictment, shall be guilty of the felony offense of perjury. W.VA. CODE § 61-5-3, Penalties for perjury, subornation of perjury. A person convicted of perjury or subornation of perjury shall be confined in the penitentiary for not less than one, nor more than ten years... IN Either Case, the person convicted shall be adjudged forever incapable of holding any office of Honor, Trust or Profit in this state or serve as a Juror.

## RELEVANT LEGAL STANDARDS

By application to a circuit Judge, whose duty is to insure access to the Grand Jury, ANY PERSON may go to the Grand Jury to present a complaint to it - SEE STATE ex rel. Miller v. Smith, 168 W.VA. 745, 285 S.E.2d 500 (1981), Hacman v. Frye, 188 W.VA. 621, 425 S.E.2d 566 (1992), AND R.L. v. Bedell, 192 W.VA. 435, 452 S.E. 2d 893 (1994).

"As criminal offenses are offenses against the state which must be prosecuted in the name of the state § 62-9-1, The Prosecutor, as the officer charged with prosecuting such offenses, has a duty to vindicate the victim's, and the public's Constitutional Right of Redress for a criminal invasion of Rights," SEE - Skinner v. Dostert, 166 W.VA. AT 752-53, 278 S.E.2d at 631

3

Conclusion / Relief Sought

Petitioner seeks to present the Criminal Complaint as verified by the below notarized signature, before the next session of the Cabell County Grand Jury of W.VA, pursuant to the W.VA. Const. Art III § 17, as is afore described according to law, against the Defendants, Christopher D. Chiles and Ryan Bentley for committing various Felony offenses before a Grand Jury against the Peace and Dignity of the State of West Virginia.

Petitioner asks that this Application be Granted by the Honorable Judge Alfred Ferguson of the Sixth Judicial Circuit of W.VA; And that the Applicant be allowed to present such to the Grand Jury via video conference from the Northern Correctional Facility located in Moundsville, W-VA, as the Applicant is forbidden by law to go before a Grand Jury in handcuffs or shackles, and no such restraints would be on the Applicant in a video proceeding Grand Jury presentation.

Applicant hereby verifies the Criminal Complaint as true by his Notarized signature below, and presents such in this Application Respectfully.

_____
APPLICANT / PRO-SE

Sworn to, taken, affirmed before me on 07 / September / 2017, in Marshall Cnty W.VA.

_____
NOTARY PUBLIC
My Commission Expires 05 / August / 2020

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JAMES W. HENSEL, III
Northern Correctional Facility
112 Northern Regional Correctional Drive
Moundsville, West Virginia 26041
My Commission Expires Aug. 5, 2020

4