IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**EDWARD JESSE DREYFUSE,**

    **Plaintiff,**

v.                                                                      Case N0. 3:18-cv-00499

**JUDGE PAUL T. FARRELL,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On March 26, 2018, Plaintiff filed a *pro se* complaint against Defendant under 42 U.S.C. § 1983. (ECF No. 2). Currently pending are Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 5); an initial screening of the complaint under 28 U.S.C. § 1915; Plaintiff's motion for a speedy hearing, (ECF No. 3); Plaintiff's motion to compel discovery, (ECF No. 9); and Plaintiff's motion for a preliminary injunction and restraining order, (ECF No. 11). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the complaint, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief can be granted. Therefore, the undersigned **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice**; deny

1

Plaintiff's pending motions; and **REMOVE** this matter from the docket of the Court.

## I. Factual and Procedural History

Plaintiff, Edward Jesse Dreyfuse, was convicted of Burglary and First-Degree Murder in the Circuit Court of Cabell County, West Virginia, on October 18, 2013. Thereafter, Plaintiff filed various actions and motions in state and federal court concerning his conviction, the state officials involved in his criminal case, and his court-appointed attorneys. *See, e.g., Dreyfuse v. Pszczokowski*, No. 3:16-cv-06717, 2017 WL 478564, at *1-5 (S.D.W. Va. Jan. 6, 2017), *report and recommendation adopted,* 2017 WL 758950 (S.D.W. Va. Feb. 27, 2017); *Dreyfuse v. Farrell*, No. 3:16-cv-04057, 2017 WL 1030375, at *1 (S.D.W. Va. Feb. 22, 2017), *report and recommendation adopted,* 2017 WL 1028589 (S.D.W. Va. Mar. 16, 2017); *United States ex rel. Dreyfuse v. Farrell*, No. 3:16-CV-05273, 2017 WL 1173976, at *1 (S.D.W. Va. Mar. 7, 2017), *report and recommendation adopted,* 2017 WL 1170867 (S.D.W. Va. Mar. 28, 2017); *Dreyfuse v. Chiles*, No. 3:17-cv-04031, 2018 WL 3493083, at *1 (S.D.W. Va. July 20, 2018).

In September 2016, Plaintiff filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Cabell County, West Virginia. *Dreyfuse*, 2017 WL 478564, at *4; (ECF No. 2-1). Defendant, Judge Paul T. Farrell, who presided over Plaintiff's underlying criminal case, is the presiding judge in Plaintiff's state habeas action. (ECF No. 2 at 10, 17). There is no indication in the record that Plaintiff's state habeas action has concluded. To the contrary, as recently as July 26, 2018, Plaintiff filed documents demonstrating that his state habeas action is still pending before Defendant. (ECF No. 11).

In the instant action, Plaintiff asserts three claims for relief under § 1983. First, Plaintiff contends that Defendant "arbitrarily and capriciously denied" Plaintiff's request for "a copy of all of the discovery materials" from Plaintiff's criminal case. (ECF No. 2 at

9-12). Plaintiff states that the discovery materials in question are not only his "personal property," but they are needed in order to "identify and raise all potential grounds for post-conviction habeas corpus relief." (*Id.* at 12). Plaintiff states that he "seeks declaratory judgment that the denial and intentional withholding of the discovery materials ... are an unconstitutional violation of the due process and equal protection clauses of the fifth and fourteenth amendments as such is a deprivation of a property interest without due process." (*Id.* at 13).

For his second claim, Plaintiff asserts that Defendant violated Plaintiff's constitutional rights in two interrelated ways: (1) by denying Plaintiff the opportunity to present a criminal complaint to a grand jury asserting that false testimony was offered in his criminal case; and (2) by not taking any action with respect to the alleged perjury. (ECF Nos. 2 at 13-16; 2-3 at 2-5). This claim parallels one asserted in an earlier § 1983 action filed by Plaintiff against the prosecutor, assistant prosecutor, and a police officer witness involved in Plaintiff's criminal case. In the prior action, Plaintiff alleged that the prosecutors knowingly presented perjured grand jury testimony by the police officer witness in order to obtain Plaintiff's indictment for murder. (ECF No. 2 at 13-16); *see* Proposed Findings and Recommendations, *Dreyfuse v. Chiles, et al.*, No. 3:17-cv-04031 (S.D.W. Va. Mar. 23, 2018), ECF No. 6 at 2. In the instant matter, Plaintiff states that Defendant's "actions and inactions" concerning the false testimony offered to the grand jury violated Plaintiff's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution.

Finally, Plaintiff alleges as his third claim that Defendant violated Plaintiff's rights to equal protection and due process by refusing to disqualify or recuse himself in Plaintiff's state habeas action. (ECF No. 2 at 17-20). According to Plaintiff, Defendant

3

should not preside in the matter because Defendant knew that false testimony was offered to obtain Plaintiff's criminal indictment, and Defendant is "in fact a party to the habeas proceeding and will likely be a material witness in the same proceedings." (*Id.* at 18-20).

Plaintiff does not seek monetary damages in this § 1983 action; instead, he seeks a declaratory judgment that Defendant violated Plaintiff's constitutional rights as described in the preceding sections. (ECF No. 2 at 13, 16, 20). Plaintiff also filed a motion for a speedy hearing, (ECF No. 3); a motion to compel Defendant to respond to Plaintiff's discovery requests, (ECF No. 9); and a motion for a preliminary injunction and temporary restraining order to prohibit Defendant from presiding over Plaintiff's pending state habeas action, (ECF No. 11).

## II. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim and should be dismissed when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the

4

complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

  This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

  As noted, Plaintiff filed this case pursuant to 42 U.S.C. § 1983. (ECF No. 2 at 4). Section 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and markings omitted). Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the

United States, and that (2) the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

### III. <u>Discussion</u>

Plaintiff's § 1983 complaint concerns Defendant's actions as the presiding judge in Plaintiff's trial and post-conviction proceedings. "Judges are absolutely immune from suit for a deprivation of civil rights for actions taken within their jurisdiction." *Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (citations and markings omitted). However, "judicial immunity does not apply to claims for equitable relief." *Id.* at 889. In this case, Plaintiff seeks declaratory and injunctive relief. Therefore, judicial immunity does not shield Defendant from Plaintiff's claims in this instance.

Declaratory relief is available under § 1983 to relieve an "uncertainty, insecurity, and controversy." *Id.* (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)) "[D]istrict courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions," *Andrews v. Paxson*, No. 3:11-cv-518, 2012 WL 526290, at *3 (E.D. Va. Feb. 16, 2012), *aff'd,* 478 F. App'x 781 (4th Cir. 2012) (quoting *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998)). "Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Id.* (quoting *Johnson v. McCuskey,* 72 Fed. App'x 475, 477 (7th Cir. 2003)). Such relief is "not meant to simply proclaim that one party is liable to another." *Id.* Also, while injunctive relief is available under § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983. Given these

6

considerations, the undersigned analyzes whether Plaintiff states a cognizable claim for relief under § 1983.

### A. Discovery File

Plaintiff first claims that Defendant violated his constitutional rights by denying his requests for a copy of the "discovery file" from his criminal case to utilize in his state habeas action. (ECF No. 2 at 9-12). Plaintiff was ostensibly provided a copy of his "entire file," including his trial transcripts and habeas records. *Dreyfuse*, 2017 WL 478564, at *5. To the extent that Plaintiff is claiming a constitutional entitlement to additional documents from the prosecution's file, there is "no general constitutional right to discovery in a criminal case." *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (quoting *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977)); *Williams v. Ray*, No. 1:15CV1307 (GBL/TCB), 2016 WL 3552235, at *7 (E.D. Va. June 22, 2016); *Lucas v. McBride*, 505 F. Supp. 2d 329, 346 (N.D.W. Va. 2007) ("[T]here is no constitutional right to discovery ... The prosecution is only required to turn over exculpatory evidence or evidence which could be used for impeachment purposes ... Therefore, matters of discovery are generally left to the state courts.") (citing *Weatherford,* 429 U.S. at 559 and *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

Federal post-conviction habeas proceedings certainly do not expand criminal discovery restrictions. In fact, unlike other civil litigants, a habeas petitioner is "not entitled to discovery as a matter of ordinary course." *United States v. Echols*, 671 F. App'x 64, 65 (4th Cir. 2016) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rather, a habeas petitioner must demonstrate good cause to conduct discovery by making specific allegations establishing that he will be entitled to habeas corpus relief if the facts are fully developed. *Echols*, 671 F. App'x at 65; *Austin v. United States*, No. 1:09CR261-2, 2015 WL

7

892446, at *6 (M.D.N.C. Mar. 2, 2015); *United States v. Scaife*, No. 3:09CR376, 2014 WL 693480, at *10 (E.D. Va. Feb. 21, 2014).

In any event, Plaintiff can explore the federal habeas discovery process should he properly exhaust his state remedies and seek habeas relief in federal court. However, Plaintiff cannot use § 1983 as a method to collaterally challenge Defendant's discovery ruling in his pending state habeas action. *Andrews*, 2012 WL 526290, at *3 (finding that § 1983 plaintiff's request for declaratory relief was nothing more than an attempt to establish that the state judge violated the plaintiff's constitutional rights through conduct taken in the judge's official capacity, not a claim for declaratory relief sought to define the "legal rights or obligations" of the parties). Federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971). Comity dictates that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994).

In this case, to the extent that Plaintiff challenges his conviction or sentence, he must follow the procedural requirements to exhaust his state remedies before seeking relief in this Court. *See, e.g., Hicks v. Canterbury*, No. 2:13-CV-27830, 2015 WL 6509133, at *7-8 (S.D.W. Va. Oct. 28, 2015) (discussing, in the case of a § 1983 "state prisoner seeking injunctive and monetary relief from a federal court on the basis of alleged constitutional violations perpetrated by state officials during [his] trial and post-trial proceedings" that the "comity-based concern that reading § 1983 broadly to allow claims seeking what is essentially habeas corpus relief would undermine the careful procedural requirements, long recognized by Supreme Court precedent and more recently codified

8

in the federal habeas corpus statute, designed to promote respect for state administration of justice and limit undue federal interference therewith."); *Campbell v. Stephens*, No. 5:16-CT-3321-BO, 2017 WL 7789275, at *2 (E.D.N.C. Aug. 1, 2017) (stating, in the case of a § 1983 plaintiff seeking a declaratory judgment that the presiding judge in plaintiff's state case violated his constitutional rights, that allowing the plaintiff to proceed with the action "would permit plaintiff to circumvent both the state court appellate and federal collateral review processes already in place, which is generally prohibited."). For the above reasons, the undersigned **FINDS** that Plaintiff fails to state a claim for declaratory relief under § 1983 with respect to Defendant's ruling concerning Plaintiff's criminal discovery file.

### B. Grand Jury Testimony

In his second claim, Plaintiff asserts that Defendant violated Plaintiff's constitutional rights by not allowing Plaintiff to present a criminal complaint alleging that certain individuals offered perjured grand jury testimony in his criminal case and by not taking certain actions concerning the testimony. Any declaration by this Court indicating that Defendant should have taken certain actions because perjured testimony was offered to obtain the indictment in Plaintiff's criminal case would most certainly imply the invalidity of Plaintiff's conviction. Plaintiff's state criminal conviction has not been reversed on appeal, expunged by executive order, declared invalid in state proceedings, or otherwise terminated in his favor. Therefore, Plaintiff's claims against Defendant relating to alleged perjured grand jury testimony are barred. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

9

proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Therefore, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief can be granted regarding alleged perjured grand jury testimony.

### C. Recusal of Defendant

Finally, Plaintiff's states that Defendant violated Plaintiff's rights to equal protection and due process by refusing to recuse or disqualify himself as the presiding judge in Plaintiff's state habeas action. (ECF No. 2 at 17-20). Once again, Plaintiff asks this Court to improperly intervene in Plaintiff's pending state habeas action. The Court does not have authority, under § 1983 or otherwise, to compel Defendant to recuse himself in Plaintiff's pending state habeas action. *Bey ex rel. Graves-Bey v. Jacobs*, No. 3:14-CV-511-JAG, 2014 WL 3871348, at *3 (E.D. Va. Aug. 6, 2014). Furthermore, Plaintiff has filed numerous motions and petitions seeking to remove Defendant as the judge in Plaintiff's state habeas action and his requests have been uniformly denied by the Circuit Court and Supreme Court of Appeals of West Virginia. *Dreyfuse*, 2017 WL 478564, at *3-4. Plaintiff cannot circumvent the state appellate and post-conviction procedures, or the exhaustion requirements that apply to a state prisoner seeking federal habeas relief, by simply filing a § 1983 lawsuit for declaratory relief. The undersigned **FINDS** that Plaintiff fails to state a claim upon which relief can be granted regarding Defendant's alleged refusal to recuse himself in Plaintiff's pending state habeas action. *See, e.g., Short v. Bailey-Walker*, No. 2:09-cv-01096, 2009 WL 6327476, at *1 (S.D.W. Va. Oct. 26, 2009), *report and recommendation adopted,* No. CIVA 2:09-01096, 2010 WL 1379964 (S.D.W. Va. Mar. 30, 2010), *aff'd,* 393 F. App'x 980 (4th Cir. 2010) (dismissing on initial screening a § 1983 action seeking declaratory and injunctive relief to require the state habeas judge

"to recuse herself, appoint counsel, have a hearing, and adjudicate [the plaintiff's] state habeas corpus petition").

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned **GRANTS** Plaintiff's application to proceed *in forma pauperis*, (ECF Nos. 1, 5), but **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice**, (ECF No. 2); deny Plaintiff's motion for a speedy hearing, (ECF No. 3); motion to compel discovery, (ECF No. 9), and motion for a preliminary injunction and restraining order, (ECF No. 11); and **REMOVE** this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, Defendant, and any counsel of record.

**FILED:** August 20, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge